# EXHIBIT 1

Exhibit 1

## Case Information

DC-21-03861 | DONALD COKE vs. QUIKTRIP CORPORATION

| | | |
|---|---|---|
| Case Number<br>DC-21-03861 | Court<br>160th District Court | Judicial Officer<br>REDMOND, AIESHA |
| File Date<br>03/26/2021 | Case Type<br>MOTOR VEHICLE ACCIDENT | Case Status<br>OPEN |

## Party

PLAINTIFF
COKE, DONALD

Active Attorneys ▼
Lead Attorney
CAPAUL, ALLISON
Retained

DEFENDANT
QUIKTRIP CORPORATION

Address
REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

Active Attorneys ▼
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

03/26/2021 NEW CASE FILED (OCA) - CIVIL

03/26/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

03/26/2021 ISSUE CITATION ▾

ISSUE CITATION - QUIKTRIP CORPORATION

04/01/2021 CITATION▾

Served
04/02/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
04/06/2021
Comment
QUIKTRIP CORPORATION

04/06/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - QUIKTRIP CORPORATION

> Comment
> EXECUTED CITATION - QUIKTRIP CORPORATION

04/20/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT'S ORIGINAL ANSWER

05/25/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

160th Dismissal

Judicial Officer
REDMOND, AIESHA

Hearing Time
3:00 PM

Comment
CASE FILED 3-26-21; DEF SERVED

## Financial

COKE, DONALD

| | | |
|---|---|---:|
| Total Financial Assessment | | $300.00 |
| Total Payments and Credits | | $300.00 |

| Date | Description | Receipt | Payer | Amount |
|---|---|---|---|---:|
| 3/29/2021 | Transaction Assessment | | | $300.00 |
| 3/29/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 18693-2021-DCLK | COKE, DONALD | ($300.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION - QUIKTRIP CORPORATION

EXECUTED CITATION - QUIKTRIP CORPORATION

160th Dismissal

DEFENDANT'S ORIGINAL ANSWER

# EXHIBIT 2

Exhibit 2

**CT Corporation**

**Service of Process Transmittal**
04/02/2021
CT Log Number 539320368

| | |
|---|---|
| **TO:** | Marshall Wells<br>QuikTrip Corporation<br>4705 S 129th East Ave<br>Tulsa, OK 74134-7008 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | QuikTrip Corporation  (Domestic State: OK) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DONALD COKE, PLTF. vs. QUIKTRIP CORPORATION, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # DC2103861 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/02/2021 at 03:21 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/02/2021, Expected Purge Date: 04/07/2021 |
| | Image SOP |
| | Email Notification,  Marshall Wells  mwells@quiktrip.com |
| | Email Notification,  Kristen Snow  ksnow@quiktrip.com |
| | Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / NK



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Apr 2, 2021

**Server Name:** Cheryl Albert

| Entity Served | QUIKTRIP CORPORATION |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | DC-21-03861 |
| Jurisdiction | TX |



FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:  QUIKTRIP CORPORATION
 BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
 1999 BRYAN STREET SUITE 900
 DALLAS TX  75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DONALD COKE**

Filed in said Court  **26th day of March, 2021** against

**QUIKTRIP CORPORATION**

For Suit, said suit being numbered **DC-21-03861,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By_____, Deputy
CARLENIA BOULIGNY

---

**ESERVE**

CITATION

DC-21-03861

DONALD COKE
Vs.
QUIKTRIP CORPORATION

ISSUED THIS
**1st day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**ALLISON CAPAUL**
FIELDING LAW PLLC
18601 LYNDON B JOHNSON FRWY
SUITE 315
MESQUITE TX  75150
214-666-8625
eservice@fieldinglaw.com

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN

Case No. : DC-21-03861

Court No.160th District Court

Style: DONALD COKE

Vs.

QUIKTRIP CORPORATION

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

      For serving Citation   $_____    _____

      For mileage   $_____    of _____ County, _____

      For Notary   $_____    by _____ Deputy

      (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
3/26/2021 10:15 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

1 CIT ESERVE

Case 3:21-cv-00927-D   Document 1-2   Filed 04/23/21   Page 10 of 20   PageID 16

CAUSE NO. DC-21-03861 _____

| DONALD COKE, | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| | § | 160th |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DONALD COKE, Plaintiff, and files this, his Original Petition complaining of Defendant QUIKTRIP CORPORATION and respectfully shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff seeks monetary relief less in the amount of $250,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff intends to conduct Discovery in this case under Level 2 of Texas Rules of Civil Procedure 190.3.

### II.
### JURISDICTION & VENUE

This Court maintains jurisdiction over Defendant because the torts at issue were committed in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), venue is proper in DALLAS COUNTY, TEXAS because all or a substantial part of the events giving rise to Plaintiff's claim occurred in DALLAS COUNTY, TEXAS.

### III.
### PARTIES

DONALD COKE is a resident of Denton County, Texas.

Defendant, QUIKTRIP CORPORATION, is a Corporation who may be served through its' registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.
## BACKGROUND FACTS

On or about April 8, 2019, in Dallas, Texas, Plaintiff, DONALD COKE, would respectfully show the court that he was at a QuikTrip owned/operated by the Defendant QUIKTRIP CORPORATION located at 8414 S Hampton Road, Dallas, Texas 75232. While on the premises of the Defendant, Plaintiff slipped and fell in water, causing him severe and incapacitating injuries. At the time of the injury, the premises were being used as a gas station convenience store by Defendant QUIKTRIP CORPORATION.

Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

At the time the injury occurred, Plaintiff was an invitee. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

Defendant failed to maintain and properly inspect the premises. Plaintiff alleges further that Defendant failed to warn the Plaintiff of the dangerous condition on the premises. Defendant had actual and/or constructive notice of the dangerous condition. As a result of the Defendant's negligent conduct, Plaintiff suffered personal injury.

It was the Defendant's, QUIKTRIP CORPORATION, negligence and negligence per se, which was the proximate cause of Plaintiff's personal injuries and damages.

## V.
## NEGLIGENCE OF DEFENDANT QUIKTRIP CORPORATION

The conduct of Defendant, QUIKTRIP CORPORATION, was the proximate causes of Plaintiff's personal injuries in that Defendant QUIKTRIP CORPORATION's acts or omissions, constituted negligence in following acts of negligence, to wit:

    a.    failing to inspect the premises on a regular basis;
    b.    failing to keep the premises safe;

    c.    failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;

    d.    failing to warn the Plaintiff that a dangerous condition existed on the premises;

    e.    failing to adequately repair the dangerous condition that existed on the premises; and

    f.    failing to inspect the premises prior to allowing customers and invitees on the premises.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VI.
## DAMAGES

Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety. Plaintiff incurred the following actual damages for which they seek recovery:

    a.    Medical Expenses: Plaintiff incurred bodily injuries which were caused by the Collision. Plaintiff incurred medical expenses in the past and will incur medical expenses in the future.

    b.    Physical Pain: Plaintiff endured severe and constant physical pain in the past and will endure pain in the future.

    c.    Physical Impairment: Plaintiff endured physical impairment in the past and will continue to suffer the effects in the future.

## VII.
## REQUIRED DISCLOSURES

Under Texas Rule of Civil Procedure 194, Defendant is required to disclose, within 30 days of Defendant's First Answer, the information or material described in Rule 194.2.

## VIII.
## REQUEST FOR RELIEF

Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use during the trial of this case any of the documents exchanged in this case.

Plaintiff requests that Defendants be cited to appear that upon final trial, and recover from Defendant judgment for:

i. Actual damages within the jurisdictional limits of the Court;
ii. Exemplary or punitive damages, from Defendants, in an amount deemed just and fair by the jury;
iii. Pre-judgment interest at the maximum rate allowed by law;
iv. Post-judgment interest at the maximum rate allowed by law;
v. Costs of Court; and
vi. Such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

FIELDING LAW, PLLC

/s/ Allison J. Capaul
MICHAEL FIELDING
State Bar No. 24065226
ALLISON J. CAPAUL
State Bar No. 24100072
18601 Lyndon B. Johnson Freeway
Town East Tower, Suite 315
Mesquite, Texas 75150
Telephone: 214.666.8625
Fax: 214.279.6439
eservice@fieldinglaw.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

Exhibit 3

FILED
4/20/2021 10:08 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Darling Tellez DEPUTY

CAUSE NO. DC-21-03861

| | | |
|---|---|---|
| DONALD COKE, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | 160th JUDICIAL DISTRICT |
| | § | |
| QUIKTRIP CORPORATION, | § | |
|     Defendant. | § | DALLAS COUNTY TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant QuikTrip Corporation files this Original Answer to Plaintiff's Original Petition and, in support thereof, would respectfully show as follows:

### I.
### GENERAL DENIAL

1. Defendant denies each and every material allegation contained in Plaintiff's Original Petition, and all amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence and/or clear and convincing evidence to a jury, if he can so do.

### II.
### DEFENSES

2. Defendant specifically denies Plaintiff's claims that it was negligent, and Defendant denies that Plaintiff has stated a viable cause of action for negligence.

3. Defendant asserts that Plaintiff's contributory negligence, actions, or omissions were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any, as Plaintiff failed to keep a proper lookout for the alleged unreasonably dangerous condition.

4. To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5. Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6. Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

7. Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

8. Defendant may further show that Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9. Defendant may further show that Plaintiff is malingering as that term is known in the law.

10. Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

11. Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12. Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against them in this matter.

13. Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

14. Defendant asserts that Plaintiff has failed to satisfactorily plead, present, or prove a claim which would entitle him to an award of exemplary damages and, as such, Defendant contends that any such contention be stricken and that any such award be set aside.

15. Defendant further plead the defense of unconstitutionality and says any award of exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the similar provisions of the Texas Constitution. Furthermore, the imposition of exemplary damages constitutes an excessive fine in violation of the Eighth Amendment, denies Defendant the equal protection of the laws under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Any claim by Plaintiff for

exemplary damages should be stricken as unconstitutional and any award of exemplary damages should be set aside for the reasons stated above.

### III.
### COURT REPORTER REQUESTED

16.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

### IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Chris M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on April 20, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 52625071
Status as of 4/21/2021 9:07 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| ALLISON CAPAUL | | eservice@fieldinglaw.com | 4/20/2021 10:08:57 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 4/20/2021 10:08:57 AM | SENT |
| Stephanie MacDonald | | smacdonald@peavlerbriscoe.com | 4/20/2021 10:08:57 AM | SENT |
| Chris M.Blanton | | cblanton@peavlerbriscoe.com | 4/20/2021 10:08:57 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 4/20/2021 10:08:57 AM | SENT |